# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ALEJANDRO LUCERO, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 14 C 5612 |
| LEONA'S PIZZERIA, INC. and LEON TOIA, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Alejandro Lucero has filed suit against his former employer Leona's Pizzeria, Inc. and its owner Leon Toia on behalf of a putative class of similarly situated employees. The operative allegations of Lucero's complaint are as follows. He worked for Leona's from 1993 until July 2014 doing maintenance work at a location on North Sheffield in Chicago. Lucero alleges that he "worked approximately seven (7) days per week during hours set by Defendants"; "worked approximately seventy-seven (77) hours per week"; and "does not get a thirty minute lunch break." Compl. ¶¶ 20-22. Lucero alleges that defendants "improperly categorized [him] as a salaried employee" and that this "has the effect of not compensating Plaintiff overtime hours for all hours worked in excess of forty (40) hours in a regular work week" and resulted in him being paid less than the minimum hourly wage, in violation of the Fair Labor Standards Act and the Illinois Minimum Wage Law. *Id.* ¶¶ 23-26.

Toia has answered the complaint. Leona's has moved to dismiss for failure to

state a claim.  In considering the motion, the Court accepts the plaintiff's allegations as true and draws reasonable inferences in his favor.  *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010).  To state a viable claim, the plaintiff must provide "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In seeking dismissal, Leona's relies on a series of recent circuit-level cases in which courts upheld dismissal of claims under the FLSA for insufficient pleading.  *See Landers v. Quality Comm'cns, Inc.*, 771 F.3d 638 (9th Cir. 2014); *Davis v. Abington Mem. Hosp.*, 765 F.3d 236 (2d Cir. 2014); *DeJesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85 (2d Cir. 2013); *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192 (2d Cir. 2013); *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106 (2d Cir. 2013); *Pruell v. Caritas Christi*, 678 F.3d 10 (1st Cir. 2012).

These cases do not govern this one.  Each of them involved general, non-particularized allegations that the plaintiff regularly worked more than forty hours per week without being compensated for overtime.  All but one of them (*Landers*) involved allegations of failure to compensate the plaintiff (and others) for work performed during meal breaks, before and after work shifts, and while attending training sessions.  The complaints, however, provided no information about when this had occurred.  *See Davis*, 765 F.3d at 241; *DeJesus*, 726 F.3d at 88 & n.3; *Nakahata*, 723 F.3d at 195, 196-97; *Lundy*, 711 F.3d at 111; *Pruell*, 678 F.3d at 11-12.  In *Landers*, it appears that

2

there was even less detail; as described in the Ninth Circuit's decision, the plaintiff only made a general allegation that he was subjected to a piecework wage system in which he worked more than forty hours per week without being paid for overtime and that if he was paid some overtime pay, it was less than the law required. *See Landers*, 771 F.3d at 640. In none of these cases was there an allegation identifying any particular week when the plaintiff had worked more than forty hours. Thus in each case, the defendant was left to guess at what time periods were covered by the plaintiff's allegations.

Lucero does not assert the same or a similar type of unpaid-overtime case as the plaintiffs in the cases Leona's cites. Specifically, Lucero does not allege that he performed off-the-clock work. Rather, he alleges that he was misclassified as exempt from the requirement to pay time-and-one-half for overtime. Lucero alleges that he *always* worked more than forty hours per week but was paid a flat wage. Thus unlike in the cases on which Leona's relies, it is not left to guess at when the plaintiff contends he was underpaid: Lucero alleges that he was underpaid for every week he worked at Leona's.

The Court is unpersuaded that the cases that Leona's cites govern a case like this one. But even if they do, Lucero has met the standard these cases set. *Davis* is representative. There the court upheld the dismissal of the plaintiffs' complaint because "[n]one of the named plaintiffs has alleged a single workweek in which he or she worked at least forty hours and also worked uncompensated time In excess of forty hours." *Davis*, 765 F.3d at 243. To state a viable FLSA overtime claim, the court said, "'a plaintiff must sufficiently allege [forty] hours of work in a *given* workweek *as well as* some uncompensated time in excess of [forty] hours.'" *Id.* (quoting *Lundy*, 711 F.3d at

3

114). Lucero has done that; he alleges that he worked more than forty hours every week, and that because he was misclassified as a salaried (i.e. exempt) employee, he was not paid, ever, for overtime. Lucero's allegations therefore satisfy the standard set forth in the cases on which Leona's relies, assuming they apply here. The Court notes in this regard that the cases Leona's cites "do not hold that a plaintiff must identify the exact dates and times that she worked overtime," and that

> [f]or instance, a plaintiff's claim that she "typically" worked forty hours per week, worked extra hours during such a forty-hour week, and was not compensated for extra hours beyond forty hours he or she worked during one or more of *those* forty-hour weeks, would suffice.

*Id.* Lucero has alleged exactly that.

Perhaps anticipating this point, Leona's argues that Lucero's allegations that he routinely worked seventy-seven hour weeks without a full half-hour lunch break are implausible. Leona's cites nothing to support this argument. The Court rejects Leona's contention. What Lucero describes certainly would be a long, grinding work schedule, but it is not implausible. "[T]he plausibility standard is not akin to a probability requirement." *Iqbal*, 556 U.S. at 678. The standard "does not imply that the district court should decide whose version to believe, or which version is more likely than not." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 887 (7th Cir. 2012). Rather, "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together. In other words, the court will ask itself could these things have happened, not did they happen." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). Lucero's allegations meet this standard.

## Conclusion

For the reasons stated above, the Court denies Leona's Pizzeria, Inc.'s motion to

dismiss [dkt. no. 18] and directs it to answer the complaint by no later than January 27, 2015. The case remains set for a status hearing on today's date for the purpose of setting a discovery and pretrial schedule.

_____
MATTHEW F. KENNELLY
United States District Judge

Date:  January 13, 2015